# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAMONT TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. SMITH, et a.,<br><br>　　　　Defendants. | Case No.  1:15-cv-01430-SAB-PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY A COURT ORDER<br><br>RESPONSE DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

This action was initiated by a petition for writ of habeas corpus filed on August 10, 2015 in the Sacramento Division of this district.  On September 22, 2015, this action was transferred to this division.  On September 24, 2015, an order was entered, directing the Clerk of Court to categorize this case as a civil rights action and sending to Plaintiff new case documents for a prisoner civil rights case.  On October 26, 2015, the documents were returned to the court as undeliverable, indicating that Plaintiff had refused to accept the documents.

A failure to keep the court informed of Plaintiff's address of record is an independent ground for dismissal.  Local Rule 183 (b) requires a pro se Plaintiff to keep the court advised of his or her address of record.  A failure to follow the Local Rules is a ground for dismissal.

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on August 24, 2015. (ECF No. 3.)

1

Local Rule 183 (b) provides that "a party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) dates thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1998)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on the merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that a failure to obey a court order will result in

1  dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d at 1262;
2  <u>Malone</u>, 833 F.2d at 132-33; <u>Henderson</u>, 779 F.2d at 1424.
3      Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty
4  days of the date of service of this order, why this action should not be dismissed for his failure to
5  prosecute.

7  IT IS SO ORDERED.

8  Dated:   **January 15, 2016**                            
                          UNITED STATES MAGISTRATE JUDGE